UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FLORICE T. ROPER
1624 Portal Drive, N.W.
Washington, D.C. 20012
    Plaintiff

vs.  :  Case No. _____

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY (a.k.a.: "WMATA")
600 Fifth Street, N.W.
Washington, DC 20001

Serve: Patricia Lee, Esquire
       General Counsel's Office
       WMATA
       600 Fifth Street, N.W.
       Washington, DC 20001

    and

FIRST TRANSIT
600 Vine Street
Suite 1400
Cincinnati, OH 45202

NATHAN FREDERIKSEN
2706 Terrapin Road
Silver Spring, MD 20906
    Defendants

## COMPLAINT
(Negligence/ Assault/Battery)

**COMES NOW**, Plaintiff, Florice T. Roper, by and through her attorney, Samuel C. Hamilton, Esquire, and states the following:

1

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA legal matters pursuant to WMATRC Article XVI § 81, codified in D.C. Code § 9-1107.10.

2. Venue in this Court is proper as the negligent acts and/or omissions committed by Defendants occurred in the District of Columbia.

## PARTIES

3. At all times relevant herein, Plaintiff was and remains an adult citizen and resident of the District of Columbia.

4. Defendant WMATA was created when Congress approved the Washington Metropolitan Area Transit Authority Compact, which was signed by the District of Columbia, Maryland, and Virginia.

5. At all times relevant herein Defendant WMATA was the owner of the MetroAccess service, which was being operated by its employees, who were acting within the course and scope of their employment and/or agency with WMATA.

6. Defendant First Transit is based in Cincinnati, Ohio, with offices located in Capitol Heights, Maryland, Woodbridge, Virginia, and other locations within the Washington, D.C. metropolitan area. Defendant First Transit is a contractor with Defendant WMATA that provides operational, management, maintenance, training, personnel, and other services for MetroAccess.

7. Defendant Nathan Frederiksen was a passenger on the MetroAccess Van when he, without provocation, assaulted Plaintiff.

## PRELIMINARY STATEMENT

8. MetroAccess, a service of WMATA, is a shared-ride, door-to-door, paratransit service for people whose disabilities prevent them from using bus or rail. It is a fee-based paratransit service offered in accordance with the Americans Disabilities Act.

9. On or about January 22, 2016, at approximately 8:15 am, Plaintiff was a passenger on the MetroAccess Van.

10. Another passenger on the van, Nathan Frederiksen, violently and forcibly kicked Plaintiff, causing her to lose her balance and fall into the side of a pole on the van.

11. At the time of the incident, the MetroAccess driver was on the outside of the van, putting up the lift.

12. The driver returned to the van, immediately after Plaintiff screamed.

13. Plaintiff was taken to the hospital where she received treatment for her injuries.

14. Plaintiff continues to receive hospital care for her injuries and experience pain and suffering as a result of the incident.

15. Plaintiff filed a complaint with MetroAccess by submitting the appropriate form and by letter. However, to date, there has been no reply to Plaintiff's complaint.

## COUNT I
### (Battery)

Plaintiff hereby incorporates by reference paragraphs 1 though 15, as though fully set forth herein, and states further;

16. Defendant Nathan Frederiksen intended to cause and did cause a harmful contact with Plaintiff's person.

17. Plaintiff did not consent to Defendant Nathan Frederiksen's action.

18. As a direct and proximate result of Defendant Nathan Frederiksen's conduct, Plaintiff suffered injuries to her body. To the best of Plaintiff's knowledge and belief, these injuries are permanent. These injuries have caused Plaintiff to suffer compensatory damages in an amount to be proven at trial.

19. As a direct and proximate result of Defendant Nathan Frederiksen's conduct, Plaintiff was required to obtain medical services and treatment in an amount to be determined at trial.

## COUNT II
### (Assault)

Plaintiff hereby incorporates by reference paragraphs 1 through 19, as though fully set forth herein, and states further;

20. Defendant intended to cause and did cause Plaintiff to suffer apprehension of his immediate harmful contact.

21. As a direct and proximate result of Defendant Nathan Frederiksen's conduct, Plaintiff suffered injuries to her body. To the best of Plaintiff's knowledge and belief, these injuries are permanent. These injuries have caused Plaintiff to suffer compensatory damages in an amount to be proven at trial.

22. As a direct and proximate result of Defendant Nathan Frederiksen's conduct, Plaintiff was required to obtain medical services and treatment in an amount to be determined at trial.

## COUNT III
### (Negligence/Corporate)

Plaintiff hereby incorporates by reference paragraphs 1 through 22, as though fully set forth herein, and states further;

23. To the best of Plaintiff's knowledge and belief, Defendants WMATA and First Transit have created practices, policies, and training to avoid the type of action committed by Defendant Nathan Frederiksen toward Plaintiff; one of such policies is to provide separate and individual transportation for users who have a disability that would cause harm to other riders.

24. To the best of Plaintiff's knowledge and belief Defendants WMATA and First Transit knew or should have known that Defendant Nathan Frederiksen had such a disability and was prone, if left without supervision, to cause harm to another rider.

25. Defendants WMATA and First Transit owed a duty of care to Plaintiff to provide a safe transit environment; free from any harm from another rider.

26. Defendants WMATA and First Transit breached their duty of care to Plaintiff by allowing Defendant Nathan Frederiksen to ride in the same van as Plaintiff.

27. As a direct, foreseeable, and proximate result of Defendants WMATA and First Transit's conduct, Plaintiff suffered injuries to her body. To the best of Plaintiff's knowledge and belief, these injuries are permanent. These injuries have caused Plaintiff to suffer compensatory damages in an amount to be proven at trial.

28. As a direct, foreseeable, and proximate result of Defendants WMATA and First Transit's conduct, Plaintiff was required to obtain medical services and treatment in an amount to be determined at trial.

### COUNT IV
### (Negligence Respondeat Superior)

Plaintiff hereby incorporates by reference paragraphs 1 through 28, as though fully set forth herein, and states further;

29. On the date of the incident, Defendants WMATA and First Transit were the superiors and responsible for the actions of the driver of the van.

30. The driver of the van knew, should have known, or was misinformed about the capacity of Defendant Nathan Frederiksen to cause harm to Plaintiff.

31. Defendants WMATA and First Transit owed a duty to exercise reasonable care through its drivers, by their ownership, operation, and control of the van.

32. Defendants WMATA and First Transit breached their duty of care to Plaintiff when the driver of the van left Plaintiff alone in the van with Defendant Nathan Frederiksen, who then caused harm to Plaintiff.

33. As a direct, foreseeable and proximate result of Defendants WMATA and First Transit's conduct, Plaintiff suffered injuries to her body. To the best of Plaintiff's knowledge and belief, these injuries are permanent. These injuries have caused Plaintiff to suffer compensatory damages in an amount to be proven at trial.

34. As a direct, foreseeable, and proximate result of Defendants WMATA and First Transit's conduct, Plaintiff was required to obtain medical services and treatment in an amount to be determined at trial.

**WHEREFORE**, plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at trial, reasonable attorney's fees, costs of this action, and any other and further relief the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues in this complaint.

## VERIFICATION

I do solemnly declare and affirm under penalties of perjury that the contents of foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

1-22-2017
Date

_Florico Loper_ (signature)
Signature

Respectfully submitted,

_____
Samuel C. Hamilton, Esquire      Bar ID: 310821
Lee Plaza Building – Suite 608
8601 Georgia Avenue
Silver Spring, Maryland 20910
   Phone: (301) 589-3000      Fax: (301) 589-8866
   *Attorney for Plaintiff*

sch-FLRoper-Complaint-Assault-USDC-DC